**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| REALTIME DATA LLC D/B/A IXO,<br><br>        Plaintiff,<br><br>v.<br><br>CARBONITE, INC. AND EVAULT, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 6:17-CV-121 |

**DEFENDANT EVAULT, INC'S MOTION TO DISMISS
UNDER RULE 12(b)(3) FOR IMPROPER VENUE**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF THE ISSUE TO BE DECIDED ................................................................ 1

III. LEGAL STANDARDS .................................................................................................... 1

    A. Standard for motion to dismiss under Rule 12(b)(3). .............................................1

    B. Standard for proper venue in a patent-infringement case. ......................................2

IV. ARGUMENT ................................................................................................................. 2

    A. The Court should dismiss all claims against EVault pursuant to Rule 12(b)(3) for improper venue under 28 U.S.C. § 1400(b). ........................................2

        1. EVault does not reside in this district. .........................................................3

        2. EVault does not have a regular and established place of business in this district...................................................................................................4

V. CONCLUSION ............................................................................................................... 5

# TABLE OF AUTHORITIES

## Cases

*Braspetro Oil Servs. Co. v. Modec (USA), Inc.*,
   240 F. App'x 612 (5th Cir. 2007) .................................................................................... 1

*Hoover Grp., Inc. v. Custom Metalcraft, Inc.*,
   84 F.3d 1408 (Fed. Cir. 1996) ......................................................................................... 2

*Hsin Ten Enter. USA, Inc. v. Clark Enters.*,
   138 F. Supp. 2d 449 (S.D.N.Y. 2000) ............................................................................. 5

*In re Cordis Corp.*,
   769 F2d 733 (Fed. Cir. 1985) .......................................................................................... 4

*Mass Eng'g, Inc. v. 9X Media, Inc.*,
   No. 2–09–cv–358, 2010 WL 2991018 (E.D. Tex. July 28, 2010) .................................. 2

*Pope v. Chase/EMC Mortg.*,
   No. 4:15cv20, 2015 WL 1926022 (E.D. Tex. Apr. 27, 2015) ......................................... 2

*Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*,
   645 F. Supp. 2d 1130 (S.D. Fla. 2009) ........................................................................... 5

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
   No. 16–341, 2017 WL 2216934 (May 22, 2017) ................................................... passim

## Statutes

28 U.S.C. § 1400(b) ............................................................................................................... passim

## Rules

Fed. R. Civ. P. 12(b)(3) .................................................................................................... 1, 2, 3, 5

**I.    INTRODUCTION**

Realtime cannot bear its burden of establishing that venue is proper as to EVault in the Eastern District of Texas under 28 U.S.C. § 1400(b) and the Supreme Court's recent holding in *TC Heartland*.[1] To do so, Realtime must show that EVault either (1) resides in this district, or (2) committed acts of infringement *and* has a regular and established place of business in this district. But EVault does not reside in this district because it is not incorporated in Texas, nor does EVault have a regular and established place of business in this district because it does not have a permanent and continuous presence here. Thus, venue in this district is improper as to EVault, and the Court should dismiss all of Realtime's claims against EVault pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

**II.   STATEMENT OF THE ISSUE TO BE DECIDED**

Whether the Court should dismiss all of Realtime's claims against EVault in this case because venue is improper as to EVault in the Eastern District of Texas.[2]

**III.  LEGAL STANDARDS**

**A.    Standard for motion to dismiss under Rule 12(b)(3).**

Dismissal is appropriate under Rule 12(b)(3) when the plaintiff has initiated a lawsuit in an improper venue. When ruling on a motion to dismiss pursuant to Rule 12(b)(3), a court should resolve all factual allegations in the complaint in the plaintiff's favor. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). *However*, once a defendant has objected to the plaintiff's chosen venue, "the burden shifts to the plaintiff to establish that the

---

[1] *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16–341, 2017 WL 2216934 (May 22, 2017).
[2] There are two defendants in this case—Carbonite and EVault. The instant motion relates only to Realtime's claims against EVault; however, Carbonite separately filed its own Motion to Dismiss for Improper Venue based on similar grounds. *See* Dkt. No. 32.

district he chose is a proper venue." *Mass Eng'g, Inc. v. 9X Media, Inc.*, No. 2–09–cv–358, 2010 WL 2991018, at *1 (E.D. Tex. July 28, 2010).

Also, because venue requirements exist for the benefit of defendants, when there are multiple defendants in an action, venue is considered as to each defendant individually. *See Hoover Grp., Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996) ("When the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant."); *see also, e.g.*, *Pope v. Chase/EMC Mortg.*, No. 4:15cv20, 2015 WL 1926022, at *2 (E.D. Tex. Apr. 27, 2015) (holding that "once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper *as to each defendant and each claim*" (emphasis added)).

    **B.**    **Standard for proper venue in a patent-infringement case.**

The patent-venue statute, 28 U. S. C. § 1400(b), provides that venue is proper only in the judicial districts (1) "where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." For purposes of § 1400(b), where the defendant resides "refers only to the State of incorporation." *TC Heartland*, 2017 WL 2216934, at *8.

**IV.**    **ARGUMENT**

    **A.**    **The Court should dismiss all claims against EVault pursuant to Rule 12(b)(3) for improper venue under 28 U.S.C. § 1400(b).**

Venue is improper in the Eastern District of Texas under the Supreme Court's recent holding in *TC Heartland*, because Realtime has not alleged, and cannot establish, that EVault

either "resides" or has a "regular and established place of business" in this district for purposes of establishing proper venue under § 1400(b).[3]

In *TC Heartland*, the defendant was organized under Indiana law and headquartered in Indiana. *TC Heartland*, 2017 WL 2216934, at *3. Instead of filing suit in Indiana, the plaintiff filed its patent-infringement lawsuit against the defendant in Delaware. *Id.* As here, the defendant in *TC Heartland* moved to dismiss the case under Rule 12(b)(3), arguing that venue was improper in Delaware because the defendant (1) did not "reside" in Delaware for purposes of the first clause of § 1400(b), and (2) had no "regular and established place of business" in Delaware for purposes of the second clause. *Id.* In particular, relevant to the second clause (requiring a "regular and established place of business"), the defendant had "no meaningful local presence" in Delaware. *Id.* At most, it shipped the allegedly infringing products into the state, which did not rise to the level of a "regular and established place of business." *See id.* The question then turned on whether the defendant "resided" in Delaware under the first clause of § 1400(b). The Supreme Court agreed the defendant did not—holding that for purposes of the patent-venue statute, a corporation "resides" only in its State of incorporation. *Id.* Because the defendant was not incorporated in Delaware, venue in Delaware was improper. This case is just like *TC Heartland*.

      **1.**    **EVault does not reside in this district.**

With respect to the first clause of the patent-venue statute, Realtime has not alleged, and cannot establish, that EVault "resides" in the Eastern District of Texas. As previously explained, for purposes of § 1400(b), a corporation resides only in its State of incorporation. *Id.* EVault is

---

[3] Although Realtime alleges that "[v]enue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b)" (Dkt. No. 1 at ¶ 8), the Supreme Court has made clear that § 1400(b) is the exclusive provision controlling venue in patent-infringement cases. *See TC Heartland*, 2017 WL 2216934, at *5–7.

not incorporated in Texas. Ex. 1, Small Decl. ¶ 3. Rather, as Realtime's Complaint admits, EVault is incorporated in *Delaware*. *See* Dkt. No. 1 at ¶ 3; Ex. 1, Small Decl. ¶ 2 (explaining that EVault was incorporated in Delaware on August 3, 2000, and has remained incorporated there). Thus, EVault resides only in Delaware, and Realtime cannot establish proper venue under the first clause of § 1400(b).

### 2. EVault does not have a regular and established place of business in this district.

Turning to the second clause of the patent-venue statute, Realtime likewise has not borne its burden of establishing proper venue based on EVault having a "regular and established place of business" in this district. Realtime's Complaint alleges that EVault is headquartered in *California* at 6001 Shellmound Street, Emeryville, California 94608. *See* Dkt. No. 1 at ¶ 3. But the Complaint does not allege that EVault has any regular and established place of business in *Texas* (much less this district), and neither the facts nor the law support such a finding.

The Federal Circuit's decision in *In re Cordis Corp.*, 769 F2d 733 (Fed. Cir. 1985), represents controlling law in the interpretation of a "regular and established place of business" under § 1400(b). In *Cordis*, the court stated "the appropriate inquiry is whether the corporate defendant does its business in that district *through a permanent and continuous presence there*." *Id.* at 737 (emphasis added). Here, EVault does not have a permanent and continuous presence in the Eastern District of Texas that would give rise to a regular and established place of business. For example, EVault does not have any buildings, offices, or leases to facilities in this district; does not have a listed phone number or address within this district; does not have any officers or employees in this district; and does not maintain any inventory, equipment, or other property in this district. Ex. 1, Small Decl. ¶¶ 4–7. Rather, just as the defendant in *TC Heartland* had no

meaningful local presence in the District of Delaware, EVault has no meaningful local presence in the Eastern District of Texas.

Realtime's Complaint merely purports that venue is proper because EVault has at some point allegedly "transacted business in the Eastern District of Texas" and "committed acts of direct and indirect infringement in the Eastern District of Texas." Dkt. No. 1 at ¶ 8. But bare-bones allegations of "transacting business" and alleged acts of infringement are not enough. *See, e.g.*, *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1146 (S.D. Fla. 2009) (explaining that "[t]he standard 'regular and established place of business,' is quite narrow: it involves more 'than doing business'"); *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 461 (S.D.N.Y. 2000) (holding that a "'regular and established place of business' involves more than 'doing business'"); *see also TC Heartland*, 2017 WL 2216934, at *3 (remarking the defendant had "no meaningful local presence" despite shipping the accused products into the state). Under *TC Heartland*, Realtime must show that EVault either (1) is incorporated in Texas, or (2) has committed acts of infringement *and* has a "regular and established place of business" in the Eastern District of Texas. Realtime has shown neither. Venue is therefore improper in this district.

## V.   CONCLUSION

Realtime cannot establish proper venue in the Eastern District of Texas under § 1400(b) and *TC Heartland* because EVault is not incorporated in Texas and does not have a regular and established place of business in this district. EVault therefore respectfully requests that the Court dismiss all claims against EVault in Realtime's Complaint pursuant to Rule 12(b)(3).

Dated: June 7, 2017                                    Respectfully submitted,

/s/ *Max Ciccarelli*
Max Ciccarelli
   State Bar No. 00787242
   Max.Ciccarelli@tklaw.com
Michael E. Schonberg
   State Bar No. 00784927
   Mike.Schonberg@tklaw.com
Nadia E. Haghighatian
   State Bar No. 24087652
   Nadia.Haghighatian@tklaw.com
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214.969.1700
214.969.1751 (Fax)

**ATTORNEYS FOR DEFENDANT EVAULT, INC.**

## CERTIFICATE OF SERVICE

I certify that on June 7, 2017, I caused a true and correct copy of the foregoing to be served via ECF on all counsel of record.

/s/ *Nadia E. Haghighatian*
Nadia E. Haghighatian