IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **REALTIME DATA LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO. 6:17-CV-121** |
| | § | **RWS-JDL** |
| v. | § | |
| | § | |
| | § | |
| **CARBONITE, INC. et al.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Docket No. 56), recommending denying Carbonite, Inc.'s Motion to Dismiss Realtime Data LLC's Complaint for Improper Venue (Docket No. 32) has been presented for consideration. Carbonite filed objections to the Report and Recommendation. Docket No. 62. The Magistrate Judge's findings and conclusions are reviewed *de novo*. 28 U.S.C. § 636 (b)(1)(B)-(C).

In its objections, Carbonite argues that the Magistrate Judge improperly found that Carbonite waived its venue defense. Specifically, Carbonite argues that 1) it adequately preserved an improper venue defense in its answer; and 2) it did not waive its improper venue defense by filing a Motion under Rule 12(b)(6) because an improper venue defense was not available prior to *TC Heartland*.

As part of these arguments, Carbonite notes that the Magistrate Judge did not specifically address two pre-*TC Heartland* opinions in this District that stated the Supreme Court's grant of

certiorari in *TC Heartland* "does not change existing law" and that the movant in one case was improperly relying on an "unestablished legal presumption that Section 1400(b) is the only controlling patent venue statute." Docket No. 62, at 1–2 (citing *Intelligent Water Solutions LLC v. Kohler Co.*, No. 2:16-cv-689-RSP, slip. op., Doc. No. 58, at 1 (E.D. Tex. May 2, 2017); *Personal Audio LLC v. Google, Inc.*, No. 1:15-cv-00350-RC, Doc. No. 71 (E.D. Tex. May 15, 2017)). Carbonite also relies on precedent from other Circuits to argue that "a defendant is not required to predict in advance how the Supreme Court may rule in a case." *Id.* at 3. Carbonite states, "[t]o suggest that Carbonite should have filed a Rule 12(b)(3) motion to dismiss prior to *TC Heartland* or otherwise be deemed to have waived its venue defense is tantamount to unreasonably and wastefully requiring a party to file a presumptive motion guessing at the myriad of ways an appeals court might rule." *Id.* at 4. Carbonite also argues that it properly followed *stare decisis* in proceeding based on *VE Holding*. *Id.* at 6 ("based on the standard in *VE Holding* and this District's application of that standard in its pre-*TC Heartland* venue decisions, Carbonite risked this Court's rebuke were it to have filed a motion inconsistent with the precedent of this District."). Carbonite further cites to post-*TC Heartland* cases from other districts where courts either found *TC Heartland* was an intervening change in the law or otherwise determined that the movant did not waive its venue defense. *Id.* at 6 (citing *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017); *Hand Held Prod., Inc. v. Code Corp.*, No. CV 2:17-167-RMG, 2017 WL 3085859, at *3 (D.S.C. July 18, 2017)). Carbonite argues that the Magistrate Judge improperly suggested Carbonite could have avoided waiver by waiting to file its §101 motion and "[s]uch route unreasonably posits a defendant to delay filing a Rule 12(b)(6) defense, based on what an appeals court might decide with respect to a different defense . . . a highly prejudicial outcome." *Id.* at 7.

The majority of district court decisions have concluded that *TC Heartland* was not an intervening change in the law. *See iLife Techs. Inc. v. Nintendo of America, Inc.*, No. 3:13-cv-4987, 2017 WL 2778006, at *7 (N.D. Tex. June 27, 2017) ("*TC Heartland* does not qualify as an intervening change in law."); *In re Nintendo of America Inc.*, No. 2017-127, Slip. Op., Doc. No. 30, at 3 (Fed. Cir. July 26, 2017) (petition for writ of mandamus denied); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017) *report and recommendation adopted by* Doc. No. 430 (July 19, 2017) ("The Court need not reach Defendants' argument that a change in law constitutes an exception to waiver under Rule 12(h)(1)(A) because the Supreme Court's decision in *TC Heartland* does not qualify"); *In re Hughes Network Sys., LLC*, No. 2017-130, 2017 WL 3167522, at *1 (Fed. Cir. July 24, 2017) (petition for writ of mandamus denied); *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017) ("*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*."); *In re Sea Ray Boats, Inc.*, Case No. 2017-124, Dkt. 15, Slip Op. at 2 (Fed. Cir. June 9, 2017) (petition for writ of mandamus denied); *Chamberlain Group, Inc. v. Techtronic Indus. Co.*, No. 16 C 6097, 2017 WL 3205772, at *2 (N.D. Ill. June 28, 2017) ("the Court follows *Elbit* and *Cobalt Boats* . . . in finding that *TC Heartland* did not represent a change in the law that would excuse waiver under these circumstances."); *In re Techtronic Indus. North America, Inc. et al.*, No. 2017-125, Slip. Op., Doc. No. 25, at 3 (Fed. Cir. July 25, 2017) (petition for writ of mandamus denied); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017) ("[B]ecause *TC Heartland* does not qualify as an intervening change of law, this waiver is not excused."); *Orthosie Sys., LLC v. Synovia Solutions, LLC*, No. 4:16-CV-00995, 2017 WL 3244244, at *3 (E.D. Tex. July 31, 2017); *Mantissa Corp. v. Ondot Sys., Inc.*, No. 4:15-cv-113,

Slip. Op., Doc. No. 113, at 6 (S.D. Tex. July 26, 2017); *Skyhawke Techs., LLC v. DECA Int'l Corp. et al.*, No. 3:10-CV-708T-SL-RHW, 2017 WL 3132066, at *2 (S.D. Miss. July 21, 2017); *Koninklijke Philips v. ASUSTeK Computer Inc.*, No. 1:15-cv-1125-GMS, Slip. Op., Doc. No. 215, at 10 (D. Del. July 19, 2017); *Fox Factory, Inc., v. SRAM, LLC*, No. 3:16-cv-506-WHO, Slip. Op., Doc. No. 72, at 5 (N.D. Cal. July 18, 2017); *Reebok Int'l Ltd., et al. v. TRB Acquisitions LLC, et al.*, No. 3:16-CV-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017) ("the defense of improper venue was not 'unavailable' to Defendants before the Supreme Court issued its decision in *TC Heartland*."); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *4 (S.D. Cal. July 5, 2017) ("[T]he Supreme Court's decision in *TC Heartland* does not excuse Defendants' waiver as to venue in this District."); *Amax, Inc. v. ACCO Brands Corp.*, No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) ("defendant's contention that an objection to improper venue under 28 U.S.C. § 1400(b) was previously unavailable is incorrect."). The Court agrees with these holdings rather than the small minority of decisions that have reached the opposite conclusion. *See, e.g.*, *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017). Accordingly, the Court overrules the majority of Carbonite's objections.

Carbonite's references to *stare decisis*, pre-*TC Heartland* opinions from this District, and its argument that it should not have been expected to predict the outcome of the Supreme Court's decision are unpersuasive. As the Magistrate Judge stated, "[w]ith a Supreme Court decision looming, it is not unreasonable to require a defendant to raise the propriety of venue in accordance with the federal rules and therefore preserve its consideration after the Supreme Court issues its ruling." Docket No. 56, at 4. In this scenario, a "risk of rebuke" from a district court is an insufficient excuse for failing to take all the necessary steps to preserve a defense. Rule 12(g)(2)

is clear that with respect to venue, ". . . a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

Therefore, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. All objections are **OVERRULED** and Carbonite's Motion (Docket No. 32) is **DENIED** as set forth herein and in the Magistrate Judge's Report and Recommendation (Docket No. 56).

**SIGNED this 21st day of August, 2017.**

                                                  ROBERT W. SCHROEDER III
                                                UNITED STATES DISTRICT JUDGE