UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REALTIME DATA, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:17-cv-11279-IT |
| | * | |
| ACRONIS, INC. LTD, | * | |
| | * | |
| Defendant. | * | |

-------------------------------------------

| | | |
|---|---|---|
| REALTIME DATA, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:17-cv-12499-IT |
| | * | |
| CARBONITE, INC., | * | |
| | * | |
| Defendant. | * | |

-------------------------------------------

CONSOLIDATED SCHEDULING ORDER

May 29, 2018

TALWANI, D.J.

     This Consolidated Scheduling Order supplements paragraphs (I)(1)(a) – (3)(c) of the Amended Scheduling Order [#40] in Realtime Data, LLC v. Acronis, Inc. Ltd., 17-cv-11279, supersedes the remainder of that order, and sets further deadlines in this consolidated action. It is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this consolidated matter without undue expense or delay.

Timetable for Discovery and Motion Practice

     Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rules 16.1(f) and 16.6, it is hereby ORDERED that:

I. **Preliminary Disclosures in Realtime Data, LLC v. Carbonite, Inc., 17-cv-12499**

    A. **Exchange of Email Custodians.** Plaintiff and Defendant Carbonite, Inc. ("Carbonite") shall exchange identification of significant email custodians by May 30, 2018.

B. **Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) between Plaintiff and Carbonite must be completed by June 13, 2018.

C. **Automatic Patent-Related Disclosures.** In addition to the automatic required disclosures required by Federal Rules of Civil Procedure 26(a), Plaintiff and Carbonite shall make the following additional disclosures. Such disclosures shall be made to all parties, but should not be filed with the court.

   **1. Plaintiff's Preliminary Disclosures in 17-cv-12499.** Not later than June 13, 2018, Plaintiff shall make the following disclosures:

   a. **Infringement Claim Charts.** Infringement claim charts identifying, with as much specificity as reasonably possible from publicly available information or other information then within Plaintiff's possession, custody, or control:

      i. each accused product and/or method;

      ii. the patent(s) and the claim(s) each product or method allegedly infringes;

      iii. an element-by-element description of where and how each element of each asserted claim is found in each accused product or method;

      iv. as to each element that Plaintiff contends is a means-plus function term under 35 U.S.C. § 112, the identity of the structures, acts, or materials in the accused product(s) or method(s) that perform the claimed function;

      v. whether each element of each asserted claim is asserted to be present literally or under the doctrine of equivalents;

      vi. which subsections of 35 U.S.C. § 271 apply; and

      vii. if any alleged infringement is based on the acts of multiple parties, the role of each such party in the infringement.

   b. **Prosecution History.** Copies of the prosecution histories for each asserted patent, including any parent applications and provisional applications from which the asserted patents descend and to which each asserted patent claims priority. Plaintiff shall also produce any non-privileged documents in its possession, custody, or control concerning the conception and reduction to practice of the invention claimed in the asserted patents, including but not limited to lab notebooks (electronic or otherwise).

c. **Ownership Evidence.** Documents (including, without limitation, any licenses or assignments) sufficient to establish that Plaintiff owns the asserted patent(s) or has the authority to assert the patent(s).

d. **Real Parties in Interest.** The identity of all real parties in interest as to Plaintiff and the asserted patent(s).

e. **Conference Concerning Preliminary Patent Disclosures.** Not later than 21 days after Plaintiff's preliminary disclosures, Plaintiff and Carbonite shall meet and confer about the following issues:

   i. the sufficiency of Plaintiff's disclosures under subsection (I)(C)(1); provided, however, that those disclosures, as well as Defendant's disclosures in subsection (I)(C)(2), are preliminary and may be amended with leave of court during the discovery period; and

   ii. a plan for Carbonite's compliance with the disclosure requirements of subsection (I)(C)(2), including the feasibility of, and procedures for, production or inspection of exemplary samples of the accused products and methods, technical documents, and/or source code.

f. **Effect of Incomplete or Disputed Disclosures.** The parties' failure to agree on the sufficiency of Plaintiff's disclosures or a plan for Carbonite, compliance with its disclosure obligations shall not entitle Carbonite to avoid or delay its disclosure obligations in subsection (I)(C)(2).

2. **Carbonite's Preliminary Production of Technical Documents, Source Code, and Samples of Accused Products to Plaintiff in 17-cv-12499.** Not later than 42 days after service of Plaintiff's Preliminary Patent-Related Disclosures and subject to any agreement of the parties as to the contours of production or inspection, Defendant shall make the following disclosures:

   a. **Technical Documents.** Documents sufficient to show the composition, operation, construction, and performance of the accused components, elements or functionality identified in Plaintiff's infringement claim charts under subsection (I)(C)(1)(a). Such documents may include, for example, source code, specifications, schematics, flow charts, artwork, and formulas.

   b. **Samples.** Sufficient samples of the accused products (or products that perform or were produced by the accused methods). When production is not practicable, Defendant shall permit inspection of the accused product(s) or method(s), provided that Carbonite is only required to permit inspection of a method that continues to be practiced in the ordinary course of business.

c. **Source Code.** Source code, if relevant, subject to any protective order or procedures on which the parties may agree.

d. **Noninfringement Claim Charts.** Noninfringement charts identifying specifcally which elements of the asserted claims each accused product or method fails to practice.

e. **Invalidity Claim Charts − Anticipation or Obviousness.** Invalidity claim charts identifying all prior art that such party contends anticipates or renders obvious the patent claims identified by Plaintiff.

    i. For each such prior-art reference, Carbonite shall specify whether it anticipates or renders the asserted claim obvious and shall also identify specifically where in each alleged reference each element of each asserted claim can be found. For each element that Defendant contends is a means-plus-function term under 35 U.S.C. § 112, the chart shall include the identity of the structures, acts, or materials in each prior-art reference that perform the claimed function.

    ii. If Carbonite asserts that a combination of prior-art references renders a claim obvious, then Carbonite shall identify each such combination and the reason to combine the references. For each combination, Carbonite shall identify specifically where in the combination of references each element of each asserted claim can be found. For each element that Carbonite contends is a means-plus-function term under 35 U.S.C. § 112, the chart shall include the identity of the structures, acts, or materials in each combination that performs the claimed function. If applicable, Carbonite shall also identify the primary and secondary references in each such combination.

f. **Other Grounds for Invalidity.** Any asserted grounds of invalidity based on patentability under 35 U.S.C. § 101, indefiniteness under 35 U.S.C. 5 § 112, or lack of enablement or written description under 35 U.S.C. § 112 of any of the asserted claims.

g. **Supporting Evidence for Invalidity Defense.** Documents sufficient to support any asserted invalidity defense.

h. **Identity of Real Parties in Interest.** Documents sufficient to establish the identity of all real parties in interest as to the patentee and the asserted patent(s).

II. **Preliminary Disclosure Obligations Generally**

   A. **Amendments of Preliminary Patent-Related Disclosures.**

1. The preliminary patent-related disclosures required by the Amended Scheduling Order and this Order may be amended and supplemented only by leave of court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

    a. a claim construction by the court that is different from that proposed by the party seeking amendment within 28 days of the court's claim-construction ruling;

    b. discovery of material prior art that was not located, despite diligent efforts, before the service of the invalidity contentions; and

    c. discovery of nonpublic information about the asserted infringement that was not discovered or located, despite diligent efforts, before the service of the infringement claim charts.

2. The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend disclosures. If one party is allowed to amend its disclosures, the opposing party may, within 28 days after service of the amended disclosure, serve responsive amended disclosures.

B. **Resolution of Disputes.** Any party seeking to file a motion to resolve a dispute arising out of disclosure obligations must follow the procedures applicable to discovery disputes set forth in L.R. 37.1.

III. **Amendments to Pleadings in <u>Realtime Data, LLC v. Carbonite, Inc.</u>, 17-cv-12499.**

  A. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after August 10, 2018.

IV. **Claim Construction Proceedings.**

  A. **Potential Bifurcation**

   1. Plaintiff and Defendant Acronis ("Acronis") shall promptly provide Carbonite with their constructions of the claim terms at issue in Acronis' <u>Statement of Bifurcation of Claim Construction</u> in 17-cv-11279, ECF No. 49.

   2. Not later than June 22, 2018, Carbonite shall provide its construction of claims terms at issue in Acronis' <u>Statement of Bifurcation of Claim Construction</u> in 17-cv-11279, ECF No. 49, and shall submit its statement (limited to 5 pages) on bifurcation of claim construction briefing.

   3. If the court orders bifurcation, no later than 2 weeks after the court decides on the bifurcation of claim construction, the parties shall simultaneously exchange and file preliminary opening claim construction briefs. If two parties agree as to the construction of the claim terms at issue in the first phase of the bifurcated

claim procedure, they should endeavor to file a single consolidated brief. Each brief shall contain the party's proposed construction of each term, and evidence and argument supporting each construction. Absent leave of court, preliminary claim construction briefs shall be limited to 10 pages.

4. No later than 3 weeks after the opening claim construction brief, the parties shall simultaneously exchange and file reply briefs. Absent leave of court, responsive claim construction briefs shall be limited to 5 pages.

5. No later than 1 week after the reply briefs, the parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint statement").

    a. The joint statement shall note the anticipated length of time necessary for the bifurcated claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

    b. The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials seven days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

    c. The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing.

    d. The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term in the bifurcated proceeding, and supporting evidence.

B. **Exchange of Other Claim Terms in Case No. 17-cv-12499**

1. No later than 14 days after the court decides on the bifurcation of claim construction, or by August 17, 2018, whichever date is later, Plaintiff and Carbonite shall simultaneously exchange a list of additional claim terms to be construed and their proposed constructions as needed.

2. The parties shall promptly confer to see if agreement can be reached on the construction of claim terms.

C. **Further Claim Construction in the Consolidated Proceedings**

1. The parties may jointly present to the court no more than 10 claim terms for

construction; provided, however, that, for good cause, either party, after conferring with the other parties, may petition the court to increase the number of claim terms for construction. Factors supporting good cause include, without limitation, the complexity of the patented technology, the number of asserted claims and patents, the lack of relation among the asserted patents, the number and complexity of invalidity defenses, and the number and diversity of accused products or methods.

2. No later than 21 days after the court decides on the bifurcation of claim construction exchange of claim terms, or by August 24, 2018, whichever date is later, the parties shall prepare and file a joint statement of the number of claims and terms to be construed. The joint claim statement shall include a joint claim-construction chart listing the claim terms noting each party's proposed construction of each term. The parties may use the form shown below.

| TERM | PLAINTIFF'S CONSTRUCTION | ACRONIS' CONSTRUCTION | CARBONITE'S CONSTRUCTION | COURT'S CONSTRUCTION |
|---|---|---|---|---|
| | | | | |
| | | | | |

3. **Opening Claim-Construction Briefs**. Not later than 21 days after filing the joint claim statement, the parties shall simultaneously exchange and file opening claim- construction briefs.

    a. **Expert Testimony.** Any party seeking to rely on expert testimony to support claim construction must include with its opening brief an expert declaration. The offering party must make the expert available for deposition not later than 21 days before the responsive due date. Either party may cite to the expert deposition testimony in its responsive brief. Other than the initial declaration and deposition testimony, no further expert testimony shall be permitted unless the court requests further testimony or for good cause shown.

4. **Responsive Briefs.** Not later than 21 days following exchange and filing of the opening claim construction briefs, the parties shall simultaneously exchange and file responsive briefs. This 21-day response period is intended to allow for depositions of opposing experts.

5. **Page Limits.** Absent leave of court, the page limits of L.R. 7.1(b)(4) shall apply to all briefs.

6. **Tutorials.** At the court's request, the parties may exchange and file tutorials, preferably in the form of a short video or slide presentation, at least 14 days before the claim-construction hearing. The court may also, at its own election, seek an independent third party to educate the court on the disputed technology.

7. No later than 1 week after the reply briefs, the parties shall prepare and file a joint claim construction and prehearing statement (hereafter the "joint

statement").

    a. The joint statement shall note the anticipated length of time necessary for the bifurcated claim construction hearing and whether any party proposes to call witnesses, including a statement that such extrinsic evidence does not conflict with intrinsic evidence.

    b. The joint statement shall also indicate whether the parties will present tutorials on the relevant technology, the form of such tutorials, and the timing for such tutorials in relation to the claim construction hearing. If the parties plan to provide tutorials in the form of briefs, declarations, computer animations, slide presentations, or other media, the parties shall exchange such materials seven days before the claim construction hearing. In the alternative, the parties may present tutorials through presentations by the attorneys or experts at the claim construction hearing.

    c. The joint statement shall include a proposed order in which parties will present their arguments at the claim construction hearing.

    d. The joint statement shall include a joint claim construction chart, noting each party's proposed construction of each term in the bifurcated proceeding, and supporting evidence.

8. **Hearing.** Unless the court orders otherwise, the claim-construction hearing shall proceed by attorney argument only. Any party seeking to present live witness testimony (expert or otherwise) at the hearing must obtain the court's approval, which it may grant in its discretion. The court may also order an evidentiary hearing *sua sponte*.

9. **Date.** A date for the claim construction hearing will be set by the court.

V. **Fact Discovery.**

  A. **First Phase of Fact Discovery**. The first phase of fact discovery, including documents related to infringement and patentability, shall be completed by 100 days after the court's claim construction order. No financial information related to calculations of damages need be disclosed during the first phase. No more than two (2) sets of written discovery (requests for production of documents, interrogatories, and requests for admission) shall be served by either party per phase.

  B. **Second Phase of Fact Discovery**. The second phase of fact discovery related to damages, including licensing and financial sales documents, must be completed by 45 days after the first phase of fact discovery.

VI. **Status Conference.** A date for a status conference will be set by the court.

VII. **Expert Discovery.**

    A. **Opening Expert Reports.** By 30 days after the close of the second phrase of fact discovery, each party shall disclose expert witnesses on issues for which the party has the burden of proof and serve reports for those experts in accordance with the Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts.

    B. **Rebuttal Expert Reports.** By 30 days after service of the Opening Expert Reports, each party shall serve a rebuttal expert report in accordance with the Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts. If Plaintiff intends to reply on objective indicia of non-obviousness or evidence of secondary considerations in response to any of Defendant's defenses, than it shall disclose any expert opinions regarding such evidence in this round of reports.

    C. **Expert Discovery.** Expert discovery will be completed by 30 days after service of the Rebuttal Expert Reports.

VIII. **Reliance on Advice of Counsel.** The following requirements apply to any party relying on advice of counsel as part of a patent-related claim or defense.

    A. **Disclosure of Written Opinion.** Not later than 28 days after entry of the court's claim-construction ruling, each party relying upon advice of counsel must produce the opinion(s) and any other documentation relating to the opinion as to which that party agrees the attorney-client or work-product protection has been waived.

    B. **Disclosure of Oral Advice.** If a party is relying on oral advice, such party must, within 28 days, of the court's claim-construction ruling, provide a written summary of any oral advice and produce or make available for inspection and copying any documents related to, or supporting, the summary for which the attorney-client and work-product protection has been waived and make available for deposition the people involved.

    C. **Privilege Log.** Each party relying upon advice of counsel must, at the time of any disclosure under subsection (a) or (b), also serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) that the party is withholding on the grounds of attorney-client privilege or work-product protection.

    D. **Failure to Comply.** A party that does not comply with these requirements will not be permitted to rely on the advice of counsel for any purpose, absent a stipulation of all parties or an order of the court, which will be granted only for good cause shown.

IX. **Dispositive Motions.** Dispositive motions, such as motions for summary judgment or partial summary judgment, and motions for judgment on the pleadings, must be filed by 14 days after the close of expert discovery.

X. **Trial.** This case shall be ready for trial commencing no later than _____.

Procedural Provisions

**Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than seven days after the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

**Status Conferences.** The court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the court upon reasonable notice to opposing counsel.

**Additional Conferences.** Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled.

**Early Resolution of Issues.** The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to confer and jointly advise the court of any such issues.

**Pretrial Conference.** Lead trial counsel are required to attend any pretrial conference.

**Discovery Disputes.** In the event counsel encounter a discovery dispute, they are encouraged to request a hearing or telephone conference with the court before filing a discovery motion.

                                        /s/ Indira Talwani
                                        United States District Judge

Date: May 29, 2018                             By: /s/ Carolina DaSilva
                                                      Deputy Clerk